## DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| **MARIA THOMAS** individually and as Next of Friend for ALEIA THOMAS, ALEISIA THOMAS, and ALEISHA THOMAS, Minors,<br><br>    **Plaintiff,**<br> v.<br><br>**PETER RIJOS,**<br><br>    **Defendant.**<br>_____ | **1:09-cv-82** |

TO: Lee J. Rohn, Esq.
   Emily A. Shoup, Esq.

### ORDER REGARDING PLAINTIFFS' MOTION TO COMPEL DEFENDANT TO SUPPLEMENT DISCOVERY

THIS MATTER is before the Court upon Plaintiffs' Motion to Compel Defendant to Supplement Discovery (Docket No. 43). Plaintiffs seek the production of "correspondence" and "claim diary notes" listed by Defendant PETER RIJOS, on his privilege log, alleging that they are not privileged. Motion at 1. Defendant maintains that all the documents are protected from production because they were generated after the lawsuit was filed. Opp'n at 3.

### DISCUSSION

The parties have demonstrated in their pleadings that they are well aware of the rules and principles applicable to the Court's determination of whether to grant or deny Plaintiffs' motion. The Court briefly will review only some of the guidelines regarding privilege here. The work product doctrine "generally precludes discovery of 'documents and tangible things that are

prepared in anticipation of litigation or for trial by or for another party or its representative.'" *Ramirez v. Devcon Int'l Corp.,* No. 06-cv-109, 2010 U.S. Dist. LEXIS 66185 at *2, *3 (D.V.I. July 1, 2010).

A party claiming privilege must "describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii). Despite not using the term "privilege log," the discovery rule requires sufficient disclosure to allow an independent determination of a privilege.

Plaintiffs argue that the labeling of the privilege log described as correspondence and activity-log (claims diary) is insufficient and doesn't "comply with [Rule 26(b)(5)]." Reply at 2. Defendant responded to the sufficiency of the description of the documents noting that the nature of those documents need not be detailed, but is sufficient to be described by categories. Opp'n at 4.

The 1993 Amendments to Rule 26(b)(5) state that "details concerning time, persons, general subject matter, etc. may be appropriate if only a few items are withheld, but may be unduly burdensome when voluminous documents are claimed to be privileged or protected, particularly if the items can be described by categories." Fed. R. Civ. P 26(b)(5), Advisory Committee Notes, 1993 Amendments. As the plaintiffs note, the demand is for two (2) items during the span of three to four months. It is this Court's opinion that these few items are sufficiently described by their categories as "correspondence" and "Activity/log (claim diary notes)" as identified in Defendant's response to Demand No. 7. *See* Motion at 2.

As previously noted, this Court has held in *Ramirez* that work product is the communications prepared in "anticipation of litigation." *Ramirez,* 2010 U.S. Dist. LEXIS 66185

at *3.  Defendant notes and Plaintiffs contend that the correspondence and claim diary notes were generated after litigation began.  It is then the opinion of this Court that such communications would be deemed as "work product" and preclude the discovery of those correspondences and claim diary notes.

Finally, this Court has held that even when such communications or documents are deemed "work product," the preclusion of discovery can be overcome if there is a showing of "substantial need" for such communications.  *Dade Eng'g Corp. v. Reese*, No. 619/2001, 2006 U.S. Dist. LEXIS 32639, at *15, *16 (D.V.I. April 13, 2006).  This Court further held that the lack of production of such documents must pose some "undue hardship" on the moving party.  *Id.*  In this case, the plaintiffs have failed to show any substantial need or undue hardship if those documents are not obtained.  Therefore, the preclusion of discovery cannot be overcome to require the production of those documents.

Accordingly, the Court will deny Plaintiffs' Motion to Compel Defendant to Supplement Discovery.

Based upon the foregoing, it is now hereby **ORDERED** that Plaintiffs' Motion to Compel Defendant to Supplement Discovery (Docket No. 43) is **DENIED**.

ENTER:

Dated: November 18, 2010    /s/ George W. Cannon, Jr.
　　　　　　　　　　　　　　GEORGE W. CANNON, JR.
　　　　　　　　　　　　　　U.S. MAGISTRATE JUDGE