FOR PUBLICATION

**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | | |
|---|---|---|
| MARIA THOMAS Individually and as Next of Friend For ALEIA THOMAS, ALEISIA THOMAS, and ALEISHA THOMAS, Minors | ) ) ) ) | Civil Case No. 2009/82 |
| Plaintiffs, v. PETER RIJOS Defendant. | ) ) ) ) ) ) ) ) | |

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR JUDGEMENT ON THE PLEADINGS AND DENYING PLAINTIFFS' APPEAL OF THE MAGISTRATE JUDGE'S ORDERS OF JUNE 17, 2010**

Finch, Senior Judge

THIS MATTER is before the Court on Defendant's Motion for Judgment on the Pleadings and Plaintiffs' appeal of Magistrate Judge Cannon's Orders of June 17, 2010 denying their Motion for Leave to Amend the First Amended Complaint and denying their motion to file an untimely reply brief in support of their Motion to Amend. As more fully discussed below, the Court finds that to avoid the statutory cap on non-economic damages arising from a motor vehicle accident, a plaintiff must plead facts plausibly showing that the accident was caused by defendant's gross negligence or willful conduct. The Court further finds that Plaintiffs' allegation that Defendant caused the vehicle accident at issue by failing to look before pulling into the street is insufficient as a matter of law to state a claim for gross negligence. Finally, the Court concludes that the Magistrate Judge did not err when he denied Plaintiffs' motion to file an untimely reply brief.

I.     **Procedural Background**

This case arises out of a July 27, 2009 car crash involving Plaintiffs Maria Thomas, her children, Aleia, Aleisia, and Aliesha (collectively "Plaintiffs") and Defendant Thomas Rijos ("Defendant"). Plaintiffs filed their original complaint on October 29, 2009 and a First Amended Complaint ("FAC") on February 1, 2010. The FAC alleges that Defendant's gross negligence caused the July 27, 2009 car crash and seeks punitive damages. (*See* Doc. 5.) Defendant answered the amended complaint on March 2, 2010.

Defendant filed the instant Motion for Judgment on the Pleadings ("JOP Motion") on April 21, 2010 asserting that Plaintiffs had failed to allege sufficient facts to state a claim for gross negligence. On May 11, 2010, Plaintiffs filed a Motion to Amend the FAC to include additional factual allegations regarding the accident. Defendant opposed Plaintiffs' Motion to Amend on futility grounds. On June 17, 2010, the Magistrate Judge denied Plaintiffs' Motion to Amend, finding that the additional allegations were insufficient to state a claim for gross negligence. (*See* Doc. 30.) On that same day, the Magistrate Judge also denied Plaintiffs' motion to file a reply brief in support of their motion to amend, finding that it was untimely and that Plaintiffs had failed to demonstrate "excusable neglect" under Fed. R. Civ. P. 6(b)(1)(B). (*See* Doc. 29.) On July 1, 2010, Plaintiffs appealed the Magistrate Judge's June 17, 2010 Orders to this Court.

II.    **Plaintiffs' Allegations**

In the FAC, Plaintiffs allege that:

On July 27, 2009 the Defendant acted in a grossly negligent manner in the operation of the vehicle he rented such that he caused an accident with Plaintiffs. (FAC ¶ 4, Doc. 5). The Defendant then attempted to avoid liability for the accident by lying to the police that the Plaintiff had signaled him to come out and then hit him. In reality he struck the Plaintiff's vehicle. (*Id*. ¶ 5.) As a result of the gross negligence of the Defendant[,] the Plaintiff's vehicle was damaged and she

2

suffered the loss of use of the same. (*Id.* ¶ 6.) As a result on the gross negligence of the Defendant[,] the Plaintiffs all suffered physical injuries, medical expenses, loss of income, loss of capacity to earn income, mental anguish, pain and suffering, and loss of enjoyment of life, all of which are expected to continue into the foreseeable future. (*Id.* ¶ 7.) The actions of the Defendant were so outrageous as to entitle the Plaintiff to an award of punitive damages. (*Id.* ¶ 8.)

In their proposed Second Amended Complaint ("SAC"), Plaintiffs add the following language to paragraph 4:

Those actions included but were not limited to pulling into the street without looking to see if there was any traffic coming, pulling in front of Plaintiff's oncoming vehicle even though it was clear that this would cause an accident, while it was clear that there were young children in the vehicle, lying to the police, the rental car agency and his insurance company that Plaintiff had signaled him to come out so she could hit him with her vehicle, giving false statements to a police officer, driving with reckless disregard for the safety of Plaintiffs.

(SAC ¶ 4, Doc. 23-1.)

### III. Judgment on the Pleadings

#### A. Standard of Review

"A motion for judgment on the pleadings based on the defense that the plaintiff has failed to state a claim is analyzed under the same standards that apply to a Rule 12(b)(6) motion." *Revell v. Port Authority of New York, New Jersey*, 598 F.3d 128, 134 (3d Cir. 2010) (citing *Turbe v. Gov't of the V.I.*, 938 F.2d 427, 428 (3d Cir. 1991)).

Under the recent Supreme Court decisions in *Bell Atlantic v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), when presented with a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6):

[D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."

*Acosta v. Hovensa, LLC*, 53 V.I. 762, 770 (D.V.I. 2010), 2010 WL 695963, at *3 (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009)). "A district court may grant the motion to dismiss only if, accepting all factual allegations as true and construing the complaint in the light most favorable to plaintiff, it determines that plaintiff is not entitled to relief under any reasonable reading of the complaint." *Id.* at 771 (citing *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) (internal quotations and brackets omitted)).

"Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McTernan v. City of York, Penn.*, 577 F.3d 521, 531 (3d Cir. 2009) (citing *Iqbal*, 129 S.Ct. at 1950). While the Court must determine whether the facts as pleaded state a plausible claim for relief, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts alleged is improbable and that a recovery is very remote and unlikely." *Fowler,* 578 F.3d at 213 (quoting *Twombly*, 550 U.S. at 556).

### B. Analysis

Defendant's JOP Motion challenges whether Plaintiffs' allegation that Defendant "acted in a grossly negligent manner" is sufficient to state a plausible claim for gross negligence. Defendant argues that this allegation is a legal conclusion that the Court should ignore. Plaintiffs, on the other hand, contend that this allegation is one of "ultimate fact" and must therefore be accepted as true.

Neither the parties nor the Court could find any Third Circuit cases addressing the pleading standard for a claim of gross negligence. Courts, however, have held that claims with similar substantive standards for recovery, such as punitive damages, must contain facts

sufficient to show that the standard was plausibly met.[1] For example, in *Boring v. Google Inc.*, the Third Circuit applied *Iqbal* and *Twombly* to a claim for punitive damages and found that plaintiffs had failed "to allege conduct that is outrageous or malicious . . . [U]nder the pleading standards we are bound to apply, there is simply no foundation in the complaint for a demand for punitive damages." 362 Fed. Appx. 273, 283 (3d Cir. 2010) (unpublished) (citing *Iqbal* and *Twombly*); *Fedor v. Van Note-Harvey Associates,* 2011 WL 1043817, at *1-2 (E.D. Pa. March 18, 2011) ("Other than the broad and conclusory allegation that defendants' conduct 'was outrageous in that it was malicious, wanton, willful, oppressive and/or showed a reckless indifference to the interests, lives, and safety of others . . . ,'[] plaintiff's complaint contains no specific allegations that would support his claim for punitive damages. His remaining allegations lack sufficient factual detail to demonstrate that any of defendants' actions were outrageous or reckless."); *Allegrino v. Conway E & S, Inc.*, 2010 WL 3943939, at *11 (W.D. Pa. Oct. 6, 2010) ("Plaintiff has alleged mere negligent conduct by RTI, through Pryor's actions . . . However, in the Court's estimation, Plaintiff has not sufficiently pled a claim for punitive damages against RTI pursuant to *Twombly* and *Iqbal*."); *316, Inc. v. Maryland Cas. Co.,* 625 F. Supp. 2d 1179, 1182 (N.D. Fla. 2008) ("[T]he amended complaint fails to contain enough factual matter (taken as true even if doubtful in fact) to establish a 'plausible,' as opposed to merely a 'possible' or

---

[1] The standard for a punitive damages claim in the Virgin Islands is similar to that of a gross negligence claim. Both can be satisfied by showing that the defendant acted with a reckless or conscious indifference to the rights of others. *See Tutein v. Parry,* 48 V.I. 101, 107, 2006 V.I. LEXIS 27, at *13 (V.I. Super. Ct. 2006) ("[G]ross negligence encompasses 'reckless' and 'wanton' conduct."); *Acosta*, 53 V.I. at 782, 2010 WL 695963, at *10 ("[P]unitive damages are generally only allowed 'for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others.'" (quoting *Acosta v. Honda Motor Co., Ltd*., 717 F.2d 828, 834 (3d Cir. 1983))); *Henry v. St. Croix Alumina, LLC*, 2009 U.S. Dist. LEXIS 80830, at *26 (D.V.I. Aug. 28, 2009) (holding that a claim of punitive damages requires evidence "that defendants acted with 'bad motive or wanton indifference' to the rights of others and that defendants' conduct was outrageous." (quoting Restatement (Second) of Torts § 908, cmt. d)). As discussed below, however, gross negligence does not *require* a showing of recklessness.

5

'speculative,' entitlement to punitive damages." (citing *Twombly*)). If Rule 12(b)(6) requires a plaintiff to plead facts sufficient to support a punitive damages claim, it is no stretch to require the same of a plaintiff pleading gross negligence.[2]

Furthermore, while the Court could find no appellate court case specifically applying *Twombly* and *Iqbal* to a gross negligence claim, at least one has applied some factual pleading requirement to a claim for motor vehicle gross negligence. *See Cariglia v. Southeast Chrysler-- Plymouth, Inc.*, 459 F.2d 994, 996 (5th Cir. 1972) (finding that allegations of "excessive speed, impaired visibility, dangerous highway conditions, inattention, lack of familiarity with the vehicle by defendant, loss of control, and a failure to regain control for a distance of 800 feet" stated a claim for gross negligence under Florida Guest Statute). Additionally, numerous district courts have applied the *Iqbal/Twombly* paradigm to gross negligence claims in varying contexts and dismissed them when they contained insufficient supporting facts.[3] *See Lane v. Fein, Such and Crane, LLP*, __F. Supp. 2d__, 2011 WL 722372, at *9 (E.D.N.Y. March 3, 2011) ("Here, even assuming that the plaintiffs had alleged facts sufficient to state a cause of action for negligence, none of the acts alleged rises to the level of satisfying this additional [gross negligence] element. The Court therefore dismisses the plaintiffs' cause of action for negligence and gross negligence for failure to state a claim."); *Biggers v. BAC Home Loans Servicing, LP*, __F. Supp. 2d __, 2011 WL 588059, at *8-9 (N.D. Tex. Feb. 10, 2011) ("Because the Biggers

---

[2] The fact that Plaintiffs are seeking punitive damages based on Defendant's alleged gross negligence and reckless conduct further counsels in favor of requiring Plaintiffs to plead a factual basis in support of those claims.

[3] Even before *Iqbal* and *Twombly*, this Court required *some* factual basis upon which to base a gross negligence claim. *Stridiron v. Mobile Paint Mfg Co.*, 2003 U.S. Dist. LEXIS 24084 at *10 (D.V.I. Dec. 15, 2003) (finding that proposed amended complaint was not futile because allegation that defendant "was looking in the direction of Plaintiffs' vehicle and that he recklessly pulled into the roadway when he knew and saw that Ms. Stridiron was crossing his path" was a "colorable claim to assert gross negligence.").

have failed to plead an underlying claim that makes a plausible showing that BAC acted fraudulently or with gross negligence, they cannot recover exemplary damages, and their request for this remedy is dismissed."); *Alexander v. City of Greensboro*, __F. Supp. 2d__, 2011 WL 94538, at *46 (M.D.N.C. Dec. 29, 2010) (dismissing gross negligence claims and stating that "the court is unable to locate any factual allegations in either complaint plausibly stating a gross negligence claim based on the disclosure of protected information."); *Mitchell v. Rappahannock Regional Jail Authority*, 703 F. Supp. 2d 549, 562 (E.D. Va. 2010) (applying *Iqbal* to gross negligence claim but holding that plaintiff pleaded facts sufficient to state a claim); *Roach v. Botetourt County School Bd.*, __F. Supp. 2d__, 2010 WL 5387467, at *5 (W.D. Va. Dec. 29, 2010) (dismissing plaintiff's gross negligence claims against bus driver because his allegations were insufficient to show that driver operated bus in the absence of even slight care); *Kleehammer v. Monroe County*, __F. Supp. 2d__, 2010 WL 4053943, at *9 (W.D.N.Y. Sept. 8, 2010) (finding allegation that defendants acted grossly negligent was a conclusory allegation that "does not meet the requirements of *Twombly*."); *Proctor v. Metropolitan Money Store Corp.*, 645 F. Supp. 2d 464, 490 (D. Md. 2009) ("While 'bald and conclusory allegations' will not suffice to state a claim for gross negligence, Plaintiffs have provided the requisite degree of specificity under a 'notice pleading' standard because Plaintiffs have outlined numerous irregularities in the settlement and title documents in addition to the manner in which money was transferred among the parties with an explanation of each Defendant's roles in the scheme.").

Finally, there are strong policy reasons for requiring Plaintiffs to plead factual support for their gross negligence claim. Allowing Plaintiff to plead that the car crash at issue was caused by gross negligence without requiring some factual support would countenance a similar

allegation in any garden variety automobile accident case.[4] Gross negligence, in the motor vehicle context, has a special significance under Virgin Islands law, because non-economic damages (pain and suffering, physical impairment, disfigurement, and punitive damages) for any injury to a person arising out of a motor-vehicle accident may not exceed $100,000, unless there is a "finding of gross negligence or willful conduct." 20 V.I.C. § 555 (2011); *see also Tutein*, 48 V.I. at 104 ("By providing an exception to the statutory limitation for damages, the Court can infer that the legislature intended to distinguish gross negligence as distinct and apart from negligence…"). The legislative distinction between ordinary and gross negligence is nullified when any plaintiff can simply plead that an accident was caused by gross negligence without also alleging supporting facts. Accordingly, the Court finds that to state a cause of action for gross negligence for the purposes of 20 V.I.C. § 555, Plaintiffs must state facts plausibly suggesting that the accident was caused by Defendant's gross negligence.

Plaintiffs argue that this Court should accept their gross negligence allegation as true (and thus sufficient) since it is not a legal conclusion, but an allegation of "ultimate fact." (Plts.' Opp. at 9-10, Doc. 22.) However, the primary case cited by them, *Parker v. Williams*, 855 F.2d 763 (11th Cir. 1988) *withdrawn and substituted on other grounds* 862 F.2d 1471 (11th Cir. 1989), does not support the contention that literally pleading that "defendant was grossly negligent" is sufficient to state a claim for gross negligence. In *Parker,* the Eleventh Circuit held that an expert's testimony that the state was "grossly negligent" in hiring a convicted sex offender as a corrections officer was admissible under Fed. Rule Evid. 704 in part because "'gross negligence'

---

[4] A similar sentiment is shared by other courts. *See, e.g. Estate of Alberta Rae v. Murphy*, 2006 WL 1067277, at *3 (Del. Super. 2006) ("[T]he Court must note a disturbing trend is emerging in motor vehicle tort litigation where allegations of punitive damages are becoming the norm. Obviously by doing so, the potential stakes become higher and the negotiating position of the plaintiff becomes stronger. While there are some motor vehicle cases where such allegations are appropriate, it should be a rare event and not the norm.").

8

is not *exclusively* a legal conclusion; it also encompasses a finding of ultimate fact." *Id*. at 777-78 (*emphasis* added).[5]  *Parker*, which predates *Iqbal* and *Twombly* by two decades, does not address pleading standards under 12(b)(6) and therefore does not inform the question before the Court.  Moreover, Plaintiffs' reliance on *Parker* to suggest that they are excused from alleging facts supporting their gross negligence claim because it is an "ultimate fact" misapprehends *Twombly's* holding: the existence of an actual conspiracy to restrain competition in the local telephone and high-speed Internet markets was certainly an ultimate fact in *Twombly,* but that did not excuse Twombly from having to plead facts plausibly suggesting a conspiracy. *Twombly*, 550 U.S. at 556.  *Twombly and Iqbal* require the Court to ignore not just "conclusions of law" but also the "unadorned, the-defendant-unlawfully-harmed-me accusation." *Fowler*, 578 F.3d at 210.  The allegation at issue in the FAC – i.e., "Defendant acted in a grossly negligent manner . . . such that he caused an accident with the Plaintiffs" (FAC ¶ 4) – is woefully close to the "unadorned, the-defendant-unlawfully-harmed-me accusation" that courts were instructed to ignore in *Fowler*.

After reviewing the FAC, the Court finds that Plaintiffs' bare allegation that Defendant was "grossly negligent in the operation" of his rental vehicle is insufficient to state a claim for gross negligence.  Accordingly, the FAC, which only pleads a claim for gross negligence, is dismissed.[6]

---

[5] The Court added that admission of the testimony was "a close question" and that the defendants were not substantially prejudiced by it because "there was considerable evidence tending to show that [the corrections officer] was hired out of gross negligence." *Id.* at 778.  Here, the FAC contains no facts, let alone evidence, to suggest that Defendant acted grossly negligent.

[6] In their opposition to the JOP Motion, Plaintiffs suggest that they have also pleaded a claim for negligence.  Nowhere in the FAC, however, is ordinary negligence alleged – only gross negligence.  (FAC ¶¶ 4, 6, 7.)

### IV. Plaintiffs' Motion to Amend the FAC

Having concluded that Plaintiffs must plead facts to support their claim for gross negligence, the question now turns to whether they have done so in their proposed Second Amended Complaint. Plaintiffs sought leave to file a Second Amended Complaint which included additional allegations regarding their gross negligence claim. The Magistrate Judge denied their Motion to Amend, finding that the proposed additional language did not sufficiently state a claim for gross negligence. (*See* Magistrate Judge's Motion to Amend Order ("Motion to Amend Order") at 3, Doc. 30.) Plaintiffs appeal that Order on the grounds that the Magistrate Judge lacked jurisdiction to rule on the motion and on the merits.

#### A. Standard of Review

The parties first quarrel over whether the Magistrate Judge had jurisdiction to hear and determine Plaintiffs' Motion to Amend. Generally, a magistrate judge may only make final determinations and issue orders on nondispositive issues (as opposed to issuing a report and recommendation for review by the district judge on dispositive issues such as a motion to dismiss or summary judgment). *See Kiobel v. Millson*, 592 F.3d 78, 85 (2d Cir. 2010) ("Rule 72(a) authorizes a magistrate judge to enter an order only as to a 'pretrial matter ...' that is not dispositive of a 'claim or defense of a party.'") (citations omitted); *see also Continental Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 250-51 (3d Cir. 1998) (discussing differences between referrals to magistrate judges under 28 U.S.C. § 636(b)(1)(A) (non-dispositive matters) and § 636(b)(1)(B) (dispositive matters)).[7] However, this Court need not resolve this

---

[7] *See also* 28 U.S.C. § 636 (establishing jurisdiction of magistrate judges); Fed. R. Civ. P. 72(a) (authorizing magistrate judges to determine referred "pre trial matter[s] not dispositive of party's claim or defense."); Local Rule of Civil Procedure 72.1 (designating Virgin Island magistrate judges to "hear and determine in all civil causes and pretrial matter permitted by 26 U.S.C. § 636 and Federal Rule of Civil Procedure 72.").

jurisdictional question *now* because the same standard of review of Plaintiff's Motion to Amend applies regardless of whether the Order is dispositive or nondispositive. *See Siebert v. Norwest Bank Mn.*, 166 Fed.Appx. 603, 608 (3d Cir. 2006) (unpublished) ("We therefore need not, and do not, reach the issue of the correct standard of review: doing so would not change the result."). If it were a dispositive issue, the Court would treat the Magistrate Judge's order as a report and recommendation to which Plaintiffs timely objected, warranting a *de novo* review. *Continental Cas. Co.,* 150 F.3d at 250 (stating that a district court reviews the objected to portions of a magistrate judge's report and recommendation (on a dispositive matter) *de novo*); Fed. R. Civ. P. 72(b)(3).[8] And if it were nondispositive, the Court would still review the Magistrate Judge's futility determination *de novo*. *See Haines v. Liggett Group Inc.*, 975 F.2d 81, 91 (3d Cir. 1992) (holding that district court conducts a "plenary review"[9] of a magistrate's nondispositive findings of law); Fed. R. Civ. P. 72(a).[10]

"[I]f a claim is vulnerable to dismissal under Rule 12(b)(6), but the plaintiff moves to

---

[8] Cases demonstrate that a district court may treat a magistrate judge's order on a dispositive matter as a report and recommendation issued pursuant to 26 U.S.C. § 636(b)(1)(B). *See United States v. Rivera-Guerrero*, 377 F.3d 1064, 1071 (9th Cir. 2004) (remanding and instructing district court to "treat the magistrate judge's 'order' as proposed findings and recommendations."); *Vogel v. U.S. Office Products Co.*, 258 F.3d 509, 517 (6th Cir. 2001) ("The opinion accompanying the magistrate judge's April 1999 order should be treated as 'proposed findings and recommendations' and the district court 'shall make a *de novo* determination of those portions' of the opinion to which defendants objected."); *United States v. Mueller*, 930 F.2d 10, 12 (8th Cir. 1991) (holding that the district court did not err in treating magistrate judge's order enforcing summons as a report and recommendation subject to *de novo* review).
[9] Plenary review is tantamount to *de novo* review. *United States v. Rivera*, 357 F.3d 290, 294 (3d Cir. 2004) ("Our law defines "plenary" as de novo." (citing *Dixon Ticonderoga Co. v. Estate of O'Connor*, 248 F.3d 151, 161 (3d Cir. 2001))).
[10] "Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Travelers Indem. Co. v. Dammann & Co., Inc.,* 594 F.3d 238, 256 (3d Cir. 2010) (internal quotations and citations omitted). "In assessing 'futility,' the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *In re Burlington Coat Factory Secur. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Thus, the Court finds that the Magistrate Judge's futility determination was a finding of law.

11

amend, leave to amend generally must be granted unless the amendment would not cure the deficiency." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). In determining whether the SAC sufficiently pleads a claim for gross negligence, this Court applies the same standard as it would under Rule 12(b)(6). *In re Burlington Coat Factory Secur. Litig.*, 114 F.3d at 1434. If the SAC sufficiently states a claim for gross negligence, Plaintiffs must be allowed to file it.

### B. Analysis

Plaintiffs' FAC alleged that Defendant operated his vehicle in a "grossly negligent manner" without including any facts describing the gross negligence. As discussed above, that is insufficient to state a claim for gross negligence. Plaintiffs' proposed SAC, however, adds that Defendant "pull[ed] into the street without looking to see if there was any traffic coming [and] pull[ed] in front of Plaintiff's oncoming vehicle even though it was clear that this would cause an accident." (SAC ¶ 4.) Plaintiffs also allege that Defendant lied about who caused the accident to the police, and rental car and insurance companies. Are these allegations sufficient to state a claim for gross negligence?

The parties disagree on the level of culpability connoted by the term "gross negligence." Defendant argues that this Court should apply the definition of "gross negligence" used in *Tutein v. Parry,* 48 V.I. 101, 107, 2006 V.I. LEXIS 27 (V.I. Super. Ct. 2006) ("In order to charge gross negligence, the plaintiffs must plead facts showing that the defendant acted with a *wanton and reckless disregard for others*.") (citing *Marriott Corp. v. Chesapeake & Potomac Telephone Co. of Maryland*, 723 A.2d 454 (Md. 1998)) (emphasis added).[11] As pointed out by the Plaintiffs, however, courts, including the Third Circuit, have held that gross negligence does not necessarily

---

[11] Recklessness requires that a defendant know or have reason to know of facts which would lead a reasonable man to realize that the defendant's conduct creates an unreasonable risk of bodily harm to another. Restatement (Second) of Torts § 500.

require a finding of reckless or wanton conduct. *See, e.g., Ziccardi v. City of Philadelphia*, 288 F.3d 57, 66 (3d Cir. 2002) (noting that "'gross negligence' is a lower level of intent than even tort-law recklessness, which is, in turn, lower than criminal-law recklessness or subjective deliberate indifference.") (citation omitted); *see also* Restatement (Second) of Tort § 282, n. 5 ("In the construction of statutes which specifically refer to gross negligence, that phrase is *sometimes* construed as equivalent to reckless disregard.") (emphasis added).

Recognizing the inconsistent common law definitions of gross negligence, the *Tutein* Court examined how others courts have defined gross negligence and found that "a wanton and reckless disregard for others" – essentially equating gross negligence with recklessness – was the "sounder rule." *Tutein,* 48 V.I. at 105-107. In so doing, however, *Tutein* incorrectly discounted the fact that the Virgin Island Legislature had previously used the term "reckless" in another statute in the Highway and Motor Vehicles Chapter, 20 V.I.C. § 492.[12] This Court must presume that the Legislature is familiar with terms that it has previously used and that it means what it says. *See Hartford Acc. & Indem. Co. v. Sharp,* 87 F.3d 89, 92 (3d Cir. 1996) ("Since in those sections the Virgin Islands Legislature utilized the word 'beneficiary' when it so meant, we can presume that the Legislature, familiar with the distinction between the terms, chose to use insured-and only insured-in section 228."). As noted in *Tutein*, "a statute 'should be construed so that effect is given to all [of] its provisions, so that no part will be inoperative or superfluous, void or insignificant, and so that one section will not destroy another unless the provision is the result of obvious mistake or error.'" *Tutein*, 48 V.I. at 14 (quoting *Silverman v. Eastrich Multiple*

---

[12] Section 492 states that: "It shall be unlawful for any person to operate a motor vehicle in a reckless manner over and along the public highways of this Territory. For the purpose of this section to 'operate in a reckless manner' means the operation of a vehicle upon the public highways of this Territory in such a manner as to indicate either a wilful or wanton disregard for the safety of person or property."

13

*Investor Fund, L.P.*, 51 F.3d 28, 31 (3d Cir. 1995)). If the Legislature had meant to begin the exemption from the statutory damages cap at "reckless" conduct, it could have easily so done by using the word "reckless." It did not and chose "gross negligence" instead. The Court must presume that Legislature meant to do this. Accordingly, the Court respectfully disagrees with *Tutein* and finds that gross negligence, as used in 20 V.I.C. § 555, does not necessarily require a showing of reckless or wanton conduct.

The Restatement of Torts defines ordinary negligence as "conduct which falls below the standard established by law for the protection of others against unreasonable risk of harm." Restatement (Second) of Torts, § 282 (1965). Gross negligence, then, is conduct that presents "an unreasonable risk of physical harm to another . . . that . . . is *substantially greater* than that which is necessary to make the conduct negligent." *See Booth v. Bowen*, 2008 U.S. Dist. LEXIS 1678, at * 8-9 (D.V.I. 2008) (citation omitted) (emphasis added); *see also Burke v. Spear*, 277 F.2d 1, 2 (2d Cir. 1960) ("The element of culpability which characterizes all negligence is, in gross negligence, magnified to a high degree as compared with that present in ordinary negligence."); *Benn v. Universal Health System, Inc.*, 371 F.3d 165, 175 (3d Cir. 2004) (interpreting Pennsylvania law and stating that "gross negligence is more egregiously deviant conduct than ordinary carelessness, inadvertence, laxity or indifference. Rather, gross negligence requires conduct that is flagrant, grossly deviating from the ordinary standard of care." (citations and quotations omitted)). While gross negligence may be sustained by pleading facts showing that a defendant acted recklessly or wantonly, reckless or wanton conduct is not required.

Turning to the SAC, Plaintiffs allege that the accident was caused by Defendant's failure to look for traffic before entering the street. (SAC ¶ 4.) Fairly restated, Plaintiffs allege that

14

Defendant did not see their car prior to pulling into the street.[13] The general rule is that inattentiveness, such as that alleged here, is normally insufficient to sustain a claim of gross negligence. "[T]he probability is, when the phrase [gross negligence] is used, that it signifies more than ordinary inadvertence or inattention." W. Prosser, Handbook of the Law of Torts § 34, at 183-84 (4th ed. 1971)); *see Arthur v. Arthur*, 684 F.2d 558, 561 (8th Cir. 1982) (noting that "momentary inattention . . . does not amount to gross negligence"); *Powers v. Wilson,* 110 F.2d 960, 960 (2d Cir. 1940) (holding that to demonstrate gross negligence "[i]t is not enough that the actor shall have been momentarily inattentive; he must deliberately embark upon an activity whose risk to others far outweighs any tangible interest that can be realized."); *Barkes v. First Correctional Medical, Inc.*, 2008 WL 523216, at *8 (D. Del. 2008) ("To establish gross negligence a party must demonstrate more than ordinary inadvertence or inattention.") (citation omitted); *State v. Neisner*, __A.3d__, 2010 WL 5393667, at *8 (Vt. 2010) (noting that "gross negligence amounts to a failure to exercise even a slight degree of care, and that it requires more than an error of judgment, momentary inattention, or loss of presence of mind"); *Toth v. Bacon*, 208 N.W.2d 271, 273 (Neb. 1973) ("Failure to maintain a proper lookout alone does not ordinarily constitute gross negligence."); *accord Cariglia*, 459 F.2d at 996 (finding that allegations of "excessive speed, impaired visibility, dangerous highway conditions, inattention,

---

[13] Plaintiffs argue that it is fair to infer from the SAC that Defendant "saw Plaintiffs in the zone of danger, knew that his high-risk maneuver was substantially likely to result in a collision, and, thus, was substantially likely to cause severe injury to Plaintiffs, but he proceeded anyway." (Plts.' App. Br. at 16, Doc. 32.) That inference is not reasonable, however, because the basis of the SAC is that Defendant "pull[ed] into the street *without looking* to see if there was any traffic coming . . ." (SAC ¶ 4) (emphasis added). The Court is not required to make inferences inconsistent with the facts pleaded in the complaint. *See Curay-Cramer v. Ursuline Academy of Wilmington, Delaware, Inc*., 450 F.3d 130, 133 (3d Cir. 2006) (on a motion to dismiss, court "need not credit the non-movant's conclusions of law or unreasonable factual inferences."); *Simmons v. United Mortg. and Loan Inv*., *LLC,* 634 F.3d 754, 768 (4th Cir. 2011) ("[T]he court need not accept the legal conclusions drawn from the facts, and need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." (citations omitted)).

lack of familiarity with the vehicle by defendant, loss of control, and a failure to regain control for a distance of 800 feet" stated a claim for gross negligence under Florida Guest Statute); *cf Stridiron*, 2003 U.S. Dist. LEXIS 24084 at *10 (allegation that defendant "was looking in the direction of Plaintiffs' vehicle and that he recklessly pulled into the roadway when he knew and saw that Ms. Stridiron was crossing his path" was a "colorable claim to assert gross negligence.").

Giving Plaintiffs every *reasonable* inference, the facts pleaded in the SAC do not state a claim for gross negligence.[14] Defendant's alleged failure to look before pulling into the street, while sufficient to state a claim for negligence and perhaps *consistent* with a claim for gross negligence, is not enough to nudge his claim over the line into gross negligence. *Iqbal*, 129 S.Ct. at 1949. ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'") (citation omitted). If the sort of inattentiveness alleged here is sufficient to state a claim for gross negligence, it is difficult to fathom a car accident that does not also "plausibly" involve gross negligence. Section 555 was meant to limit liability of ordinary negligence claims. Allowing a complaint for gross negligence and punitive damages to stand on allegations of ordinary negligence erodes the purpose of this statutory limitation.

---

[14] Plaintiffs also argue that Defendant's alleged lies to the police and rental and insurance companies are evidence of his consciousness of guilt, enhancing the plausibility of their gross negligence claim. The Court is not persuaded. Assuming that Defendant lied about the circumstances of the accident, this does not make it more plausible that he was grossly negligent as that inquiry is informed by his actions that caused the accident, not what he did after. *Peck v. Garfield*, 862 F.2d 1, 5-6 (1st Cir. 1988) (noting that gross negligence, in the context of automobile accidents, is usually a function of "the speed of the vehicle, the circumstances and conditions at the site of the accident, and the length of any inattentiveness."). To the extent that Plaintiffs suggest that Defendant's alleged lies are evidence of his consciousness of reckless conduct, as noted above, the Court cannot reasonably infer that he acted recklessly, because Plaintiffs have alleged that the accident was caused by Defendant's failure to look prior to pulling into the street.

In their appeal, Plaintiffs cite several Pennsylvania district court cases in support of their claim that the SAC properly states a claim of gross negligence.[15] These cases, however, contain facts demonstrating a significantly greater degree of risk than Defendant's alleged inattentiveness and therefore do not support the sufficiency of Plaintiffs' gross negligence allegations. For example, in *LaMaze v. Vidov Trucking, Inc.*, 2009 U.S. Dist. LEXIS 20265 (E.D. Pa. Mar. 12, 2009), the district court found that allegations that a trucking company improperly affixed a cargo container to a truck, knew or should have known that their truck exceeded the maximum height allowed by state safety regulations, and then drove that excessively tall truck into the bottom of a concrete overpass, causing a major accident that killed one individual, properly stated a claim for reckless conduct and thus for punitive damages. *Id.* at *7-8; *see also Mulholland v. Gonzalez*, 2008 U.S. Dist. LEXIS 102876, at * 8 (E.D. Pa. Dec. 19, 2008) (allegations that the defendant caused an accident by "willful[ly]" turning left at a red light properly stated a claim for punitive damages); *Ferranti v. Martin*, 2007 U.S. Dist. LEXIS 3981, at *5-6 (M.D. Pa. Jan. 19, 2007) (allegations that a tractor trailer driver drove "erratically . . . too fast and too close" to a car before colliding with it so violently that it left his "license plate numbers . . . imprinted in the bumper of" plaintiff's car, permanently injuring plaintiff, properly

---

[15] These cases were not cited in Plaintiffs' opposition to the JOP Motion nor in their motion to amend the complaint. The Court is therefore not required to consider them. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (holding that "a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge" and noting that the First, Fifth, Ninth, and Tenth Circuits follow this rule); *Lithuanian Commerce Corp., Ltd. v. Sara Lee Hosiery*, 177 F.R.D. 205, 211 (D.N.J. 1997) (on appeal of a magistrate judge's order, refusing to "consider any arguments which [plaintiff] did not present to [the magistrate judge] in the first instance."); *see also Ross v. Hotel Employees and Restaurant Employees Intern. Union*, 266 F.3d 236, 242 (3d Cir. 2001) ("Generally, absent compelling circumstances an appellate court will not consider issues that are raised for the first time on appeal.") (citation omitted). Even though not required, the Court will consider them.

stated a claim for punitive damages).[16] Each of these cases contains facts demonstrating reckless or willful behavior, more than the ordinary negligence present in the SAC.

Accordingly, Plaintiffs' motion to amend to file the Second Amended Complaint is denied. The Court understands that the parties have conducted additional discovery since Plaintiffs sought leave to file the SAC. Plaintiffs shall have thirty (30) days from the date of this Order within which to file an amended complaint, should they so chose.

### V. Plaintiffs Motion for An Extension of Time to File a Reply Brief

A district court reviews a magistrate judge's ruling on a nondispositive matter under the clearly erroneous or contrary to law standard. 28 U.S.C. § 636(b)(1)(A); *Clarke v. Marriot Intern., Inc.*, 2010 WL 1657340, at *3 (D.V.I. 2010) (holding that discovery orders are reviewed under the clearly erroneous or contrary to law standard). "[R]ulings by a Magistrate Judge on requests for extension of time rest in the sound discretion of the court." *Lease v. Fishel,* 712 F.Supp.2d 359, 371 (M.D. Pa. 2010) (citing *Miller v. Ashcroft*, 76 Fed.Appx. 457, 461 (3d Cir. 2003)). "When a magistrate judge's decision involves a discretionary matter such as the need for extended time to conduct a deposition, 'courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard.'" *Halsey v. Pfeiffer,* 2010 WL 3735702, at *1 (D.N.J. 2010) (quoting *Saldi v. Paul Revere Life Ins. Co*., 224 F.R.D. 169, 174 (E.D. Pa. 2004)).

---

[16] Plaintiffs also argue for the first time on appeal that their gross negligence allegations are in conformity with Form 11 of the Appendix to the Federal Rules of Civil Procedure and are therefore sufficient to state a claim for gross negligence. *See* Fed. R. Civ. P. 84 ("The forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate."). Form 11 is a model complaint for alleging *negligence*, not gross negligence. As discussed above, gross negligence under 20 V.I.C. § 555 carries a special significance and must be pleaded separately. Thus, while the terse and conclusory allegation contained in Form 11 (i.e. "the defendant negligently drove a motor vehicle against the plaintiff") may be sufficient to state a cause of action for ordinary negligence, it is insufficient to state a cause of action for gross negligence under Virgin Islands law.

Here, it is undisputed that Plaintiffs requested the extension of time after their reply brief in support of their Motion to Amend was due. Thus, the Magistrate Judge could only grant the extension on the basis of "excusable neglect." *See* Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect.").[17]

The Magistrate Judge found that "Plaintiffs ma[d]e no showing that their failure to act was due to excusable neglect." (Order Denying Extension at 2, Doc. 29.) After reviewing Plaintiffs' motion for extension of time [Doc. 28], the Court concurs with the Magistrate Judge. Plaintiffs' reason for the delay was that their counsel was "preparing several appellate submissions as well as motions in the regular course . . .", in other words, that counsel was busy with other cases. However, "[t]he fact that counsel has a busy practice does not establish 'excusable neglect' under Rule 6(b)[]." *McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1387 (11th Cir. 1981) *cert. denied*, 456 U.S. 979 (1982); *Kleckner v. Glover Trucking Corp.*, 103 F.R.D. 553, 555 (D.C. Pa. 1984) ("Glover has not pointed to any authority for the proposition that counsel's neglect should be considered excusable because counsel was busy…"); *see also Andrews v. Time, Inc.*, 690 F. Supp. 362, 365 (E.D. Pa. 1988) ("An attorney's excessive caseload or engagement elsewhere does not constitute the kind of "excusable neglect" contemplated by Rule 60(b).").

---

[17] Plaintiffs correctly point out that because of Local Rule 7.1(e)(2) (allowing fourteen days for a reply instead of ten as noted by the Magistrate Judge) and Fed. R. Civ. P. (6)(d) (allowing an extra three days to file a brief if it is filed electronically) their motion for an extension of time was not eleven days late as found by the Magistrate Judge. However, this is not an "error of law" requiring reversal of the Magistrate Judge's Order as argued by Plaintiffs. Regardless of whether their extension request came eleven days late as found by the Magistrate or three days late as argued by Plaintiffs, it was filed after their reply brief was due. (*See* Plts.' App. Br. at 17, Doc. 32.)

The Court can find no clear error in the Magistrate Judge's finding that Plaintiffs failed to show that "their failure to act was due to excusable neglect." Accordingly, the Order of the Magistrate Judge denying Plaintiffs motion for an extension of time to file their reply is affirmed.[18]

## VI. Conclusion

For the reasons stated above, it is hereby

**ORDERED** that Defendants' Motion for Judgment on the Pleadings [Doc. 21] is **GRANTED**;

**ORDERED** that Plaintiffs' Motion to Amend [Doc. 23] is **DENIED**;

**ORDERED** that Plaintiffs' Appeal of the Magistrate Judge's June 17, 2010 Orders [Docs. 29 and 30] is **DENIED**; and

**ORDERED** that Plaintiffs shall have thirty (30) days from the date of this Order to file an amended complaint.

**ENTERED:**

Dated: April 29, 2011            _____/s/_____
                                                         RAYMOND L. FINCH
                                                         SENIOR U.S. DISTRICT JUDGE

---

[18] The Court notes that it considered Plaintiffs' arguments in support of its Motion to Amend made for the first in their appeal briefs to this Court. Thus, Plaintiffs were not prejudiced by denial of their motion for leave to file an untimely reply brief.